**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-4456**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

AUBREY BROWN,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Newport News. Arenda L. Wright Allen, District Judge. (4:17-cr-00019-AWA-DEM-1)

Submitted: January 30, 2019                          Decided: February 8, 2019

Before GREGORY, Chief Judge, RICHARDSON, Circuit Judge, and HAMILTON, Senior Circuit Judge.

Affirmed in part and dismissed in part by unpublished per curiam opinion.

Jamison P. Rasberry, RASBERRY LAW, P.C., Virginia Beach, Virginia, for Appellant. Kaitlin Gratton Cooke, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Richmond, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Aubrey Brown appeals his convictions and 95-month sentence imposed by the district court after he pleaded guilty to conspiracy to commit bank, mail, and wire fraud (Count 1), in violation of 18 U.S.C. § 1349 (2012), and aggravated identity theft (Count 7), in violation of 18 U.S.C. § 1028A (2012). Brown's counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), questioning whether the magistrate judge complied with Fed. R. Crim. P. 11 in accepting Brown's plea and whether Brown's sentence is substantively reasonable. Brown did not file a pro se supplemental brief despite being notified of his right to do so. The Government moves to dismiss this appeal as barred by the appellate waiver contained within Brown's plea agreement. We affirm in part and dismiss in part.

Counsel first questions whether the magistrate judge complied with Rule 11, but counsel points to no specific error. Brown's waiver of appellate rights does not prevent him from challenging the validity of the plea itself. *See United States v. McCoy*, 895 F.3d 358, 364 (4th Cir.), *cert. denied*, 139 S. Ct. 494 (2018). We therefore deny in part the Government's motion to dismiss and review Brown's challenge to the adequacy of the plea colloquy for plain error. *See United States v. Williams*, 811 F.3d 621, 622 (4th Cir. 2016) (stating standard of review); *Henderson v. United States*, 568 U.S. 266, 272 (2013) (describing standard).

Before accepting a guilty plea, a magistrate judge must conduct a plea colloquy in which he informs the defendant of, and determines the defendant understands, the rights he is relinquishing by pleading guilty, the charges to which he is pleading, and the

2

maximum and mandatory minimum penalties he faces. Fed. R. Crim. P. 11(b)(1); *United States v. DeFusco*, 949 F.2d 114, 116 (4th Cir. 1991). The magistrate judge also must ensure that the plea was voluntary and not the result of threats, force, or promises not contained in the plea agreement, Fed. R. Crim. P. 11(b)(2), and "that there is a factual basis for the plea," Fed. R. Crim. P. 11(b)(3). Here, the magistrate judge failed to warn Brown of the immigration consequences of his plea, *see* Fed. R. Crim. P. 11(b)(1)(O), and failed to inform him that he was entitled to counsel at every stage of the proceedings and had the right to testify at trial, *see* Fed. R. Crim. P. 11(b)(1)(D), (E). We conclude that these minor omissions did not affect Brown's substantial rights, that Brown was competent to enter his plea, *see United States v. Nicholson*, 676 F.3d 376, 382 (4th Cir. 2012), that he entered his plea knowingly and voluntarily, and that a factual basis supported the plea, *see DeFusco*, 949 F.2d at 116, 119-20.

Turning to Brown's appeal of his sentence, where, as here, the Government seeks to enforce the appeal waiver and Brown has not alleged a breach of the plea agreement, we will enforce the waiver if it is valid and the issue being appealed falls within the waiver's scope. *United States v. Dillard*, 891 F.3d 151, 156 (4th Cir. 2018). Brown does not contest that he knowingly and intelligently waived his right to appeal, *see United States v. Manigan*, 592 F.3d 621, 627 (4th Cir. 2010), and our de novo review of the plea hearing leads us to conclude that the waiver is valid and enforceable, *see United States v. Cohen*, 888 F.3d 667, 678 (4th Cir. 2018) (stating standard of review). Moreover, Brown's challenge to the substantive reasonableness of his sentence falls within the waiver's scope.

Accordingly, we grant in part the Government's motion to dismiss and dismiss the appeal of the sentence, and we deny in part the Government's motion and affirm Brown's convictions. In accordance with *Anders*, we have reviewed the record and have found no meritorious grounds for appeal that fall outside the scope of the waiver. This court requires that counsel inform Brown, in writing, of the right to petition the Supreme Court of the United States for further review. If Brown requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Brown.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART,*
*DISMISSED IN PART*